UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------X

Marvin Siciliano Nuñez,

               Petitioner,          **MEMORANDUM & ORDER**

  - against -               No. 20-cv-3034 (KAM)

Kevin McCarthy,[1]

               Respondent.

-----------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

Marvin Siciliano Nuñez, proceeding *pro se*, petitions for a writ of habeas corpus, claiming his state custody for burglary, committing a criminal sexual act, attempted rape, and criminal obstruction of breathing violates his federal constitutional rights.  He challenges the grand jury proceedings leading to his indictment, the State's failure to disclose evidence, an evidentiary ruling, the sufficiency and weight of the evidence, the validity of his confession, and his sentence.  For the reasons below, the Court respectfully denies the Petition.

---

[1] The proper respondent in a federal habeas action is he warden or superintendent of the facility where the petitioner is held.  *Green v. Lee*, 964 F. Supp. 2d 237, 253 (E.D.N.Y. 2013).  The original respondent in this action was Joseph Noeth, the Superintendent of Attica Correctional Facility when the action was filed.  The Court deems the Petition amended to change the respondent to the Superintendent of Elmira Correctional Facility, where Siciliano Nuñez is currently held.  *See Pellis v. Wright*, No. 19-cv-149 (EAW), 2022 WL 3587755, at *4 n.4 (W.D.N.Y. Aug. 22, 2022).  The Court retains subject-matter jurisdiction because Siciliano Nuñez was convicted and sentenced in the Eastern District of New York.  *See* 28 U.S.C. § 2241(d).

## BACKGROUND

### I.   Factual Background

Early in the morning on August 5, 2016, emergency medical personnel found Marvin Siciliano Nuñez passed out, apparently from alcohol, outside a convenience store and transported him to Southampton Hospital.  (ECF No. 10-20, June 12, 2017, Trial Tr. 19:24–20:20.)  After he was treated for intoxication, found to be "alert and oriented," and discharged around 7:00 that morning, he entered a house a few blocks away through an unlocked back door and began stealing jewelry and other items inside.  (*Id.* 20:10–20, 37:5–11; ECF No. 10-3, Resp. to Disc. Demand, at 15–16; ECF No. 10-19, June 9, 2017, Trial Tr. 108:13–111:17.)

When Siciliano Nuñez found the homeowners' teenage daughter sleeping in a downstairs bedroom, he threatened her with a large wooden object,[2] threw her to her knees, tore off her shirt, and repeatedly shoved his penis in her mouth.  (ECF No. 10-16, June 6, 2017, Trial Tr. 69:12–85:13.)  He then threw her onto the bed, choked her, and tore off her underwear while he tried to vaginally penetrate her.  (*Id.* 85:14–91:25.)  The victim escaped the house and ran naked into the street screaming for

---

[2] Siciliano Nuñez stated in his written confession that the object was a skateboard, (Resp. to Disc. Demand, at 15–16), but the victim and three eyewitnesses testified it was a bat, (ECF No. 10-16, June 6, 2017, Trial Tr. 70:16–21; ECF No. 10-22, June 5, 2017, Trial Tr. 79:3–9, 132:19–21, 149:3–11).

help.  (*Id.* 92:1–94:2.)  Siciliano Nuñez chased her outside but
fled after seeing bystanders rush to help the victim.  (*Id.*
93:20–94:9; ECF No. 10-22, June 5, 2017, Trial Tr. 74:7–82:5,
130:15–134:19, 149:3–153:24.)

Responding officers apprehended Siciliano Nuñez nearby and
brought him to a show-up, where the victim identified him.  (ECF
No. 10-18, June 8, 2017, Trial Tr. 45:13–16, 13:14–14:10.)  The
officers then brought him to the police station.  (*Id.* 53:5–8.)
He sat unrestrained in an interview room while an officer read
him his *Miranda* rights and another officer translated the first
officer's words into in Spanish.  (*Id.* 129:1–130:9, 162:23–
167:17, 169:6–10.)  With the translating officer's help,
Siciliano Nuñez initialed a form waiving his rights, answered
the officers' questions, and signed a written confession (after
it was translated for him) around 1:30 in the afternoon.  (*Id.*
162:23–175:14; *see* Resp. to Disc. Demand at 15–16.)  A grand
jury sitting in Suffolk County later indicted Siciliano Nuñez
for burglary, committing a criminal sexual act, attempted rape,
obstruction of breathing, and resisting arrest.  (Resp. to Disc.
Demand at 6–10.)

## II.  Trial

Siciliano Nuñez stood trial before a jury in the Suffolk
County Supreme Court.  Before trial, Siciliano Nuñez moved to
suppress his confession, arguing he was intoxicated at the time.

(ECF No. 10-15, Mar. 29, 2017, Hr'g Tr. 4:20-24.)  The trial court denied the motion after one of the arresting officers testified that Siciliano Nuñez did not appear or act intoxicated and did not smell of alcohol.  (ECF No. 10-12, Appellant's Br. & App'x, at A10; *see* ECF No. 10-14, Apr. 11, 2017, Hr'g Tr. 26:21-23, 27:9-11.)  On the second day of trial, however, the defense moved again to suppress Siciliano Nuñez's confession and also moved for a mistrial on the ground that the State waited until after the suppression hearing to disclose a suicide prevention screening form completed by the arresting officer the day of the arrest indicating that Siciliano Nuñez was impaired by alcohol. (June 6, 2017, Trial Tr. 170:17-174:25.)

The court vacated its prior voluntariness finding and held a second hearing, where the defense cross-examined the arresting officer using the form.  (ECF No. 10-17, June 7, 2017, Trial Tr. 66:6-10; June 8, 2017, Trial Tr. 69:1-80:5.)  The arresting officer testified that he indicated on the form that Siciliano Nuñez was intoxicated due to Siciliano Nuñez's hospitalization for intoxication earlier in the morning, not because he actually thought Siciliano Nuñez was intoxicated while interacting with him.  (June 8, 2017, Trial Tr. 35:21-36:11.)  The court again found Siciliano Nuñez's confession voluntary.  (June 9, 2017, Trial Tr. 19:4-15.)  It declined to declare a mistrial but sanctioned the State by instructing the jury about the State's

4

initial failure to disclose the arresting officer's form.  (*Id.* 42:15-24.)  The court gave the instruction before the officer testified and again after summations.  (*Id.* 79:7-82:17; ECF No. 10-21, June 13, 2017, Trial Tr. 137:11-140:10.)

During the two-week trial, the jury heard testimony from the victim, her mother, three bystanders who saw Siciliano Nuñez chase the victim into the street, the officers who arrested and interviewed Siciliano Nuñez, the nurse who treated the victim after the attack, and the nurse who treated Siciliano Nuñez earlier in the morning for intoxication.  (*See generally* ECF Nos. 10-16 through 10-22.)  Before summations, the defense moved to dismiss the indictment in its entirety, arguing the evidence was insufficient to support a conviction.  (June 12, 2017, Trial Tr. 177:14-18.)  The defense made specific arguments as to the charge for resisting arrest and the classification of the burglary charges as sexually motivated felonies but as to the other charges argued only that the State had "not presented a legally sufficient case."  (*Id.* 156:14-164:5.)  The trial court dismissed the charge for resisting arrest but otherwise denied the motion to dismiss the entire indictment.  (*Id.* 181:1-182:4; ECF No 10-21, June 13, 2017, Trial Tr. 5:17-19.)

The jury returned a verdict finding Siciliano Nuñez guilty of burglary, a criminal sexual act, attempted rape, and obstruction of breathing; however, it declined to find the

burglary charges "sexually motivated."  (ECF No. 10-13, June 14, 2017, Verdict Tr. 10:23–16:4.)  The trial court imposed an aggregate prison sentence of twenty-one years, running the sentences concurrently rather than consecutively.  (ECF No. 10-8, Aug. 2, 2017, Sent'g Hr'g Tr. 26:2–27:5.)  It declined to impose the twenty-five year maximum sentence available for burglary or a criminal sexual act.  (*See id.* 14:23–15:6); N.Y. Penal Law § 70.00(2)(b); N.Y. Penal Law § 140.30; N.Y. Penal Law § 130.50.

## III. Appeal

The Appellate Division affirmed the conviction and sentence.  *People v. Siciliano Nuñez*, 100 N.Y.S.3d 309 (2d Dep't 2019).  It both rejected as unpreserved Siciliano Nuñez's arguments that the grand jury proceedings were defective, that the trial court allowed the State to elicit inadmissible hearsay during the direct examination of the victim's mother, and that there was insufficient evidence to convict him; however, it also addressed and rejected those claims on the merits.  *Id.* at 311–13.  Regarding the State's late disclosure of the suicide prevention screening form, the Appellate Division determined that the trial court acted appropriately in holding a new suppression hearing instead of declaring a mistrial and that there was no reasonable possibility earlier disclosure might have led to the jury to reach a different verdict.  *Id.* at 312.

The Appellate Division also concluded that the evidence presented at the suppression hearing failed to establish that Siciliano Nuñez was so intoxicated at the time of his interview as to render his waiver of rights involuntary. *Id.* Finally, the Appellate Division determined that the trial court's sentence was not excessive. *Id.* at 313.

The New York State Court of Appeals denied leave to appeal on July 17, 2019. *People v. Siciliano Nuñez*, 130 N.E.3d 1305 (N.Y. 2019). Siciliano Nuñez timely filed the instant Petition on July 4, 2020. (*See* ECF No. 1, Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State Custody.) At that time, he had not collaterally challenged his conviction in state court or sought review in the Supreme Court of the United States. (*Id.* at 2–3.)[3]

## LEGAL STANDARD

A petition for a writ of habeas corpus under 28 U.S.C. § 2254 is the vehicle by which a state prisoner obtains federal judicial review of his or her state custody. *Cook v. N.Y. State Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). The court may issue the writ only if it finds that the petitioner is in custody in violation of federal law. 28 U.S.C. § 2254(a). Any claim for which the petitioner seeks habeas relief must have

---

[3] Because the Petition has inserts without page numbers that disrupt the document's internal pagination, the Court cites the Petition according to the page numbers assigned by the Court's electronic case filing system.

been fairly presented for review and exhausted in state court. 28 U.S.C. § 2254(b).

Respect for judicial federalism requires that a federal habeas court refrain from resurrecting a claim the petitioner "procedurally defaulted" in state court. *Davila v. Davis*, 582 U.S. 521, 527–28 (2017). Procedural default occurs when the state court clearly and expressly relied on a state procedural rule to dispose of the petitioner's claim, regardless of whether the state court also addressed the merits of the claim. *Garner v. Lee*, 908 F.3d 845, 859 (2d Cir. 2018). The petitioner may raise a procedurally defaulted claim in a federal habeas proceeding only by showing either (1) good cause for the default and resulting prejudice or (2) that he or she is actually innocent. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Gomez v. United States*, 87 F.4th 100, 107 (2d Cir. 2023).

If the state court adjudicated the petitioner's claim on the merits, the Antiterrorism and Effective Death Penalty Act ("AEDPA") requires the habeas court to give the state court's decision great deference. *McCray v. Capra*, 45 F.4th 634, 640 (2d Cir. 2022). The state court need not explain its reasoning for its decision to be considered "on the merits." *Johnson v. Williams*, 568 U.S. 289, 298 (2013). If the petitioner presented the claim to the state court and the state court denied relief, the habeas court may presume the state court adjudicated the

8

claim on the merits absent any contrary indication or state law principle. *Id.*

Under AEDPA, a state court decision on the merits must stand unless it was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented" in the state court. 28 U.S.C. § 2254(d). "Clearly established" federal law means a holding, as opposed to dicta, of a Supreme Court decision that existed at the time of the relevant state court decision. *McCray*, 45 F.4th at 640. The habeas court may not use Second Circuit precedents to "refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule" that the Supreme Court "has not announced." *Jackson v. Conway*, 763 F.3d 115, 134 (2d Cir. 2014) (quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013)).

A state court decision is "contrary to" clearly established federal law if it contradicts a Supreme Court decision on a legal question or decides a case differently from how the Supreme Court decided a case with materially identical facts. *McCray*, 45 F.4th at 640. A state court decision "involves an unreasonable application of" clearly established federal law if the state court identifies the correct legal rule from the

9

applicable Supreme Court decision but unreasonably applies it to the facts of the petitioner's case.  *See id.*

When a habeas petitioner proceeds *pro se*, the court holds the petition to less rigorous standards than it holds filings by counseled parties.  *Licausi v. Griffin*, 460 F. Supp. 3d 242, 260 (E.D.N.Y. 2020).  The court must liberally construe the petition to raise the strongest arguments it suggests.  *Id.*  Still, *pro se* petitioners are not exempt from the applicable procedural and substantive rules.  *Banner v. Royce*, 525 F. Supp. 3d 417, 418 (E.D.N.Y. 2021).[4]

## <u>DISCUSSION</u>

In resolving Siciliano Nuñez's Petition, the Court reviews the Appellate Division's decision, which was the last reasoned state court decision to address all asserted grounds for federal habeas relief after the New York State Court of Appeals denied leave to appeal without comment.  *See Royster v. Ercole*, No. 06-cv-12942 (SAS) (JCF), 2008 WL 542505, at *6 (S.D.N.Y. Feb. 29, 2008) (explaining that when the New York State Court of Appeals denies leave to appeal without comment, the federal habeas court "look[s] through" that decision to "the decision of

---

[4] Relevant here, a habeas petitioner may not raise a claim for the first time in a reply brief.  *Morrison v. Brown*, No. 11-cv-3366 (KAM), 2019 WL 267190, at *15 (E.D.N.Y. Jan. 18, 2019).  The Court has considered all of Siciliano Nuñez's filings to the extent they address claims raised in the Petition; however, to the extent Siciliano Nuñez's reply brief, (ECF No. 14, Mem. of Law), seeks to raise any new claims, the Court declines to consider them.

the Appellate Division"), *R&R adopted*, ECF No. 17 (S.D.N.Y.
Apr. 22, 2008).

## I.    Grand Jury Proceedings

Siciliano Nuñez first challenges the validity of the grand
jury proceedings that led to his indictment, arguing that the
proceedings were defective because the State failed to inform
the grand jury that he might have been too drunk to have formed
the requisite intent to commit a crime.  (ECF No. 1, Pet. Under
28 U.S.C. § 2254 for Writ of Habeas Corpus by Person in State
Custody ("Pet."), at 5.)  Siciliano Nuñez raised this claim in
his appeal, and the Appellate Division rejected it as
unpreserved and also rejected it on the merits.  *People v.
Siciliano Nuñez*, 100 N.Y.S.3d 309, 311 (2d Dep't 2019).

The record lacks enough information for the Court to
determine whether Siciliano Nuñez procedurally defaulted this
claim.  In finding the grand jury challenge unpreserved, the
Appellate Division cited New York's state law requirement that
an objection be contemporaneous and specific to preserve a claim
of error for appeal.  *Id.* (citing N.Y. Crim. Proc. Law
§ 470.05(2)).  Before trial, Siciliano Nuñez had moved to
dismiss the indictment on the ground that the State presented
insufficient evidence to the grand jury.  (ECF No. 10-2,
Sept. 21, 2016, Order.)  The record contains a copy of the order
but not the motion, so the Court cannot tell whether the motion

11

was specific enough regarding the intoxication issue to preserve
this claim of error for appeal.  Thus, the Court also cannot
determine whether the Appellate Division properly rejected the
claim as unpreserved.

Regardless, Siciliano Nuñez cannot prevail on this ground.
A federal habeas petitioner generally may not obtain relief
based on a flaw in a state grand jury proceeding.  *Lopez v.
Riley*, 865 F.2d 30, 32 (2d Cir. 1989); *Occhione v. Capra*,
113 F. Supp. 3d 611, 631 (E.D.N.Y. 2015).  This is because the
Fifth Amendment right to indictment by grand jury in federal
prosecutions does not apply to state prosecutions.  *See Hurtado
v. California*, 110 U.S. 516, 538 (1884); *United States v. Lee*,
833 F.3d 56, 69 (2d Cir. 2016).  Accordingly, Siciliano Nuñez's
grand jury claim does not concern a federal right and cannot
support federal habeas relief.

## II.  Siciliano Nuñez's Confession

Siciliano Nuñez raises two related claims regarding his
written confession and the State's late disclosure of the
arresting officer's suicide prevention screening form.  First,
he claims the trial court erred by holding a second suppression
hearing instead of declaring a mistrial when it learned the
State failed to disclose the form in time for the first
suppression hearing.  (Pet. at 6.)  Second, he claims the trial
court erred by denying his motion to suppress, arguing that the

12

form contradicted the arresting officer's testimony that
Siciliano Nuñez was not drunk at the time of his confession.
(*Id.* at 11.)

### A.   Mistrial Ruling

The trial court concluded that the State committed a
*Rosario* violation and a *Brady* violation by tardily disclosing
the suicide prevention screening form; however, it determined
that the proper remedy was to hold a second suppression hearing
rather than declare a mistrial.  (ECF No. 10-19, June 9, 2017,
Trial Tr. 42:4-18.)  *Rosario* requires the State to disclose any
written statement by a person that the State intends to call as
a witness at trial.  *People v. Rosario*, 173 N.E.2d 881, 884
(N.Y. 1961).  *Brady* requires the prosecution team to disclose
any material exculpatory evidence.  *Brady v. Maryland*, 373 U.S.
83, 87 (1963).  The Appellate Division rejected Siciliano
Nuñez's *Rosario* and *Brady* claims on the merits.  *Siciliano
Nuñez*, 100 N.Y.S.3d at 312.

To the extent Siciliano Nuñez seeks to continue advancing
his *Rosario* claim at this stage, he cannot prevail because
federal habeas relief is available only for violations of
federal law and *Rosario* claims arise under state law.  *See
Enoksen v. Squires*, 532 F. Supp. 3d 75, 93 n.14 (E.D.N.Y. 2021).
To the extent he presses a *Brady* claim, however, the Court
reviews the Appellate Division's decision with AEDPA deference.

The Appellate Division did not contradict or unreasonably apply *Brady* in determining that the trial court properly denied Siciliano Nuñez's application for a mistrial.  To prevail on a *Brady* claim, the defendant must show a reasonable probability that the result of the proceeding would have been different had the evidence been disclosed.  *Smith v. Cain*, 565 U.S. 73, 75 (2012).  Siciliano Nuñez cannot make this showing with respect to the suppression hearing.  No Supreme Court precedent holds that *Brady* applies to pre-trial suppression hearings; the circuits are divided on that issue.  *United States v. White*, 489 F. Supp. 3d 274, 279–80 (S.D.N.Y. 2020) (explaining that the Fifth and Ninth Circuits apply *Brady* to the suppression context, the D.C. and Sixth Circuits have "expressed doubts," and the Second Circuit has yet to weigh in).  Regardless, the trial court's decision to vacate its prior voluntariness finding and hold a second suppression hearing, where the defense extensively cross-examined the arresting officer using the suicide prevention screening form, eliminated any defect in the first suppression hearing caused by the late disclosure.

Siciliano Nuñez also cannot show a reasonable probability that the result of his trial would have been different but for the late disclosure.  Although *Brady* requires the disclosure of exculpatory evidence, it does not require that the disclosure be made before trial.  *Floyd v. Rosen*, No. 21-cv-1668 (KMK),

14

2022 WL 1451405, at *13 n.6 (S.D.N.Y. May 9, 2022).  To the contrary, when the issue is late disclosure rather than non-disclosure, a new trial is required only if the defendant was deprived of a meaningful opportunity to use the evidence.  *Mosby v. O'Meara*, No. 12-cv-1543 (FJS), 2015 WL 4871803, at *7 (N.D.N.Y. Aug. 13, 2015).  Here, the Appellate Division reasoned that the form "was provided during trial in sufficient time for defense counsel to utilize it to cross-examine the subject witness as to any inconsistency between his testimony and his entries on the form."  *Siciliano Nuñez*, 100 N.Y.S.3d at 312 (citations omitted).  Thus, the Appellate Division concluded, there was "no reasonable possibility that earlier disclosure might have led to a different outcome at trial."  *Id.* (citations omitted). That was a reasonable application of *Brady*.  *See Ocasio v. Artuz*, No. 98-cv-7925 (JG), 2002 WL 1159892, at *13 (E.D.N.Y. May 24, 2002) (finding no *Brady* violation where State disclosed officer's notes, which contained exculpatory material, just before officer testified at trial).  Accordingly, Siciliano Nuñez may not obtain habeas relief on his *Brady* claim.

**B.  Suppression Ruling**

Siciliano Nuñez next claims that the trial court erred by failing to suppress his written confession, arguing that he was too intoxicated to have waived his *Miranda* rights before signing it.  (Pet. at 11.)  The Appellate Court rejected this claim,

agreeing with the trial court that Siciliano Nuñez "knowingly, intelligently, and voluntarily waived his . . . rights." *Siciliano Nuñez*, 100 N.Y.S.3d at 312 (citations omitted).  Under *Miranda v. Arizona*, 384 U.S. 436 (1966), a law enforcement officer must advise a suspect of his or her privilege against self-incrimination and right to counsel before initiating a custodial interrogation.  The ordinary remedy for a *Miranda* violation is suppression of the statements made during the interrogation.  *See Vega v. Tekoh*, 597 U.S. 134, 151 (2022).  A suspect's waiver of his or her *Miranda* rights is effective only if it is knowing and voluntary under a totality of the circumstances.  *Berghuis v. Thompkins*, 560 U.S. 370, 382-83 (2010).

The Appellate Division did not contradict or unreasonably apply *Miranda* in finding Siciliano Nuñez's waiver knowing and voluntary.  The validity of a *Miranda* waiver depends on the totality of the circumstances, and a defendant's intoxication is only one circumstance the court must consider.  *Arevalo v. Artus*, 104 F. Supp. 3d 257, 268 (E.D.N.Y. 2015).  An intoxicated defendant may waive his or her *Miranda* rights so long as he or she appreciated the nature of the waiver.  *Id.*  Here, the Appellate Division affirmed the trial court's explicit finding that Siciliano Nuñez's waiver was knowing and voluntary under the totality of the circumstances despite his asserted

16

intoxication.  *Siciliano Nuñez*, 100 N.Y.S.3d at 312; (*see* June 9, 2017, Trial Tr. 14:10-19:15).

The Appellate Division's ruling also was not based on an unreasonable determination of the facts in light of the evidence presented to the trial court.  The trial court made factual findings regarding the circumstances of Siciliano Nuñez's *Miranda* waiver and confession, which this Court must presume are correct.  *See* 28 U.S.C. § 2254(e)(1); *Sorto v. Herbert*, 364 F. Supp. 2d 240, 242 (E.D.N.Y. 2004).  As the trial court found, Siciliano Nuñez was unrestrained in the interview room and appeared calm with no signs of impairment or intoxication. (June 9, 2017, Trial Tr. 8:3-8.)  He was given a *Miranda* waiver form printed in both English and Spanish, which was also read to him out loud in Spanish.  (*Id.* 8:9-9:5.)  After each right was read to him, he verbally waived it and then initialed the corresponding written right on the waiver form.  (*Id.* 9:6-11:6.) He never requested that the officers stop questioning him and never requested the presence of an attorney.  (*Id.* 13:16-18.) After answering verbal questions, which were translated into Spanish, he reviewed a two-page written statement that was also translated to him, declined an opportunity to make changes, and signed each page.  (*Id.* 13:19-25.)

The trial court found that the only pieces of evidence suggesting Siciliano Nuñez might have been intoxicated at the

17

police station were the booking from and suicide prevention
screening form completed by the arresting officer. (*Id.* 16:10–
17:3.)  The trial court found these forms were explained and
rebutted by the arresting officer's testimony that he was only
acknowledging the fact Siciliano Nuñez had been admitted to and
discharged from the hospital earlier that morning and was not
stating his own opinions about Siciliano Nuñez's present state.
(*Id.* 18:1–22.)  The trial court found the forms further rebutted
by testimony from the interviewing officer and translating
officer, which the trial court credited, that Siciliano Nuñez
did not smell of alcohol or appear intoxicated. (*Id.* 17:4–8.)
Finally, the trial court found the forms rebutted by video
footage of Siciliano Nuñez from the day of his confession
descending the stairs at the police station and showing no sign
of any inability to sit, stand, or walk. (*Id.* 17:9–25.)

The totality of the circumstances reflected in this factual
record shows that Siciliano Nuñez was provided his *Miranda*
rights in his native language, understood them, and waived them
verbally and in writing.  The hearing court was shown *some*
evidence Siciliano Nuñez may have been intoxicated at the time,
but it found that evidence outweighed by other evidence that he
was not.  AEDPA requires the Court to defer to the state courts'
findings absent clear and convincing evidence to the contrary,
28 U.S.C. § 2254(e)(1), and Siciliano Nuñez has not presented

such evidence.  Given this record, the Appellate Division's
determination that Siciliano Nuñez knowingly and voluntarily
waived his *Miranda* rights was reasonable.  *See Arevalo*,
104 F. Supp. 3d at 269 (denying habeas relief on claim of
invalid *Miranda* waiver due to intoxication where petitioner was
read his rights translated into Spanish and signed a waiver
form, and evidence did not show petitioner was too intoxicated
to understand waiver); *Oakes v. Conway*, No. 10-cv-318 (MAT),
2011 WL 3236201, at *6 (W.D.N.Y. July 28, 2011) (same, where
petitioner "appeared to be coherent, responsive to questions,
and showed no signs of slurred speech" and "never indicated to
the police that he was having difficulty understanding the
conversation or functioning because of intoxication"); *Bruno v.
Cunningham*, No. 03-cv-937 (MBM), 2004 WL 2290503, at *9-10
(S.D.N.Y. Oct. 8, 2004) (same, where petitioner seemed
"confused" before answering some questions but did not slur his
speech or smell of alcohol).  Accordingly, Siciliano Nuñez
cannot obtain habeas relief based on his *Miranda* claim.

## III. Victim's Mother's Testimony

Siciliano Nuñez next challenges the admission of hearsay
testimony during the victim's mother's direct examination.
(Pet. at 8.)  At trial, the victim's mother testified about her
phone call with the victim and a neighbor after the attack.
(ECF No. 10-16, June 6, 2017, Trial Tr. 23:12-28:16.)  On

appeal, Siciliano Nuñez argued this testimony should have been excluded as inadmissible hearsay.  (ECF No. 10-12, Appellant's Br. & App'x, at 25 (citing June 6, 2017, Trial Tr. pp. 25–28).) Because the portion of the Petition concerning the victim's mother's testimony quotes his appellate brief nearly verbatim, the Court presumes Siciliano Nuñez challenges the same testimony here.

This claim is procedurally defaulted.  On direct appeal, the Appellate Division found the claim unpreserved for appellate review based on New York's state law contemporaneous and specific objection rule.  *Siciliano Nuñez*, 100 N.Y.S.3d at 312 (citing N.Y. Crim. Proc. Law § 470.05(2)).  Because Siciliano Nuñez's trial attorney never objected to the testimony at issue, (*see* June 6, 2017, Trial Tr. 23:12–28:16), the Appellate Division properly applied the contemporaneous and specific objection rule in rejecting this claim, *see Minigan v. Donnelly*, No. 01-cv-26 (RJA) (VEB), 2007 WL 542137, at *9 (W.D.N.Y. Feb. 16, 2007) (finding claim procedurally defaulted under N.Y. Crim. Proc. Law § 470.05(2) where petitioner failed to object to alleged hearsay testimony at trial), *R&R adopted*, 2007 WL 981762 (W.D.N.Y. Mar. 30, 2007).  Further, the Appellate Division's ruling operates as a procedural bar to federal habeas relief even though the Appellate Division went on to address and reject the claim on the merits.  *See Carey v. Connell*, No. 10-cv-3873

20

(DLC), 2012 WL 37084, at *4 n.1 (S.D.N.Y. Jan. 6, 2012)
(explaining that a state court's rejection of a claim on both
procedural and substantive grounds invokes a procedural bar if
phrased in the conjunctive rather than in the disjunctive).
Because Siciliano Nuñez has not argued that there was good cause
for or prejudice resulting from the procedural default, nor has
he established that he is actually innocent, his hearsay claim
cannot support habeas relief.

## IV.  Sufficiency of the Evidence

Siciliano Nuñez next claims that the State failed to prove
all charges beyond a reasonable doubt and that his "convictions
were against the weight of the evidence."  (Pet. at 9–10.)
Specifically, he argues there was insufficient evidence
presented at trial to establish that he possessed a weapon while
he committed his crimes.  (*Id.*)  The Court construes this claim
as a legal sufficiency challenge because a weight of the
evidence claim is based on state law and not cognizable in a
federal habeas action.  *See Medina v. Gonyea*, 111 F. Supp. 3d
225, 232–33 (E.D.N.Y. 2015).

The Appellate Division rejected this claim as unpreserved
and also rejected it on the merits.  *Siciliano Nuñez*,
100 N.Y.S.3d at 313.  In rejecting the claim as unpreserved, the
Appellate Division relied on New York's contemporaneous and
specific objection rule as well as state court precedent holding

21

that motions to dismiss charges at the close of evidence must be directed at specific evidentiary deficiencies and that "general motions" fail to preserve legal sufficiency challenges for appeal. *Id.* (citing N.Y. Crim. Proc. Law § 470.05(2); *People v. Hawkins*, 900 N.E.2d 946, 950–51 (N.Y. 2008)).

Siciliano Nuñez's legal sufficiency claim is procedurally defaulted. At trial, Siciliano Nuñez moved to dismiss all the charges against him but specifically attacked only the charge for resisting arrest and the classification of the burglary charges as sexually motivated felonies. (*See* ECF No. 10-20, June 12, 2017, Trial Tr. 156:14–164:5.) Siciliano Nuñez made only a general motion to dismiss the other charges. (*Id.* 164:2–5 ("And to the remaining counts obviously we argue that the People have not presented a legally sufficient case.").) The trial court dismissed the resisting arrest charge before submitting the case to the jury. (ECF No. 10-21, June 13, 2017, Trial Tr. 5:17–19.) After deliberating, the jury convicted Siciliano Nuñez of both burglary and committing a criminal sexual act but acquitted him of committing burglary as a "sexually motivated felony." (*See* ECF No. 10-13, June 14, 2017, Verdict Tr. 11:6–12:2.) Thus, the only charges covered by Siciliano Nuñez's legal sufficiency claim by the time of his appeal were charges to which he only generally objected in his motion to dismiss at the close of evidence at trial.

22

The Appellate Division properly applied state court precedent in finding that Siciliano Nuñez's one-sentence, perfunctory motion to dismiss failed to preserve a legal sufficiency challenge for appeal.  As other courts in this circuit have found, legal sufficiency claims are procedurally defaulted where the Appellate Division finds them unpreserved based on the state court precedent that the Appellate Division relied on here.  *See, e.g.*, *Hill v. Lee*, No. 11-cv-640 (ER), 2013 WL 3227641, at *5 (S.D.N.Y. June 25, 2013) (citing *Hawkins*, 900 N.E.2d at 950).  As with Siciliano Nuñez's hearsay claim, the Appellate Division's decision to discuss the merits does not remove the procedural default.  *See Carey*, 2012 WL 37084, at *4 n.1.  Because Siciliano Nuñez has not argued that there was good cause for or prejudice resulting from the procedural default, nor has he established that he is actually innocent, his legal sufficiency claim cannot support habeas relief.

Siciliano Nuñez also raises another legal sufficiency argument as a separate ground for relief, asserting that the nurse who examined the victim testified there was no physical evidence the victim had been assaulted or that her breathing or circulation was obstructed.  (*See* Pet. at 12; ECF No. 15, Translation, at 2.)  He explains that although his attorney did not make this argument in his appeal, he raises it now because he believes it is an important point.  (Pet. at 13; Translation

23

at 2.)  This physical evidence argument is not a separate ground
for habeas relief but rather elaboration on the same legal
sufficiency claim that Siciliano Nuñez procedurally defaulted in
the Appellate Division.  *See Edwards v. Sup't, Southport C.F.*,
991 F. Supp. 2d 348, 372 n.12 (E.D.N.Y. 2013).  Thus, it also
cannot support habeas relief.

**V.    Sentence**

Siciliano Nuñez's final claim is that the trial court
imposed an excessive prison sentence.  (Pet. at 12.)  The
Appellate Division rejected this claim on the merits.  *Siciliano
Nuñez*, 100 N.Y.S.3d at 313.  The Eighth Amendment's prohibition
against "cruel and unusual" punishments in federal prosecutions,
*see* U.S. Const. amend. VIII, is an essential component of due
process and thus applies in state prosecutions through the
Fourteenth Amendment's Due Process Clause, *see* U.S. Const.
amend. XIV, § 1; *Robinson v. California*, 370 U.S. 660, 667
(1962).  The Supreme Court has held that a prison sentence can
be cruel and unusual if it is "grossly disproportionate" to the
crime.  *Ewing v. California*, 538 U.S. 11, 30–31 (2003)
(plurality opinion).

The Appellate Division did not contradict or unreasonably
apply clearly established federal law in rejecting Siciliano
Nuñez's excessive sentence claim.  A state court's prison
sentence that falls within the statutory range set by state law

is generally not grossly disproportionate.  *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *Constant v. Martuscello*, 119 F. Supp. 3d 87, 139 (E.D.N.Y. 2015).  Here, Siciliano Nuñez's convictions included burglary in the first degree and committing a criminal sexual act in the first degree.  (June 14, 2017, Verdict Tr. 10:23–16:4.)  New York state law deemed each of these crimes a class B felony at the time of Siciliano Nuñez's sentencing.  *See* N.Y. Penal Law §§ 140.30, 130.50.  The statutorily authorized range for a class B felony was twenty-five years.  *See* N.Y. Penal Law § 70.00(2)(b).  Siciliano Nuñez's twenty-one-year aggregate prison sentence thus cannot support federal habeas relief.

## CONCLUSION

The Court respectfully denies Siciliano Nuñez's Petition in its entirety and dismisses this action with prejudice.

The Clerk of Court is respectfully requested to amend the caption to reflect that Kevin McCarthy (the Superintendent of Elmira Correctional Facility) is the respondent, enter judgment in favor of McCarthy, serve a copy of this Memorandum and Order and the Judgment on Siciliano Nuñez, note service on the docket, and close this case.

Because Siciliano Nuñez has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.  *See* 28 U.S.C. § 2253(c);

*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rules Governing
Section 2254 Cases in the United States District Courts,
Rule 11(a).

In accordance with 28 U.S.C. § 1915(a)(3), the Court
certifies that any appeal from this order would not be taken in
good faith and thus denies *in forma pauperis* status should
Siciliano Nuñez appeal. *See Coppedge v. United States*, 369 U.S.
438, 444-45 (1962).


**SO ORDERED.**

Dated:     February 21, 2024
           Brooklyn, New York

                                    _____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York